**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| JACQUE WHAUMBUSH, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 07-4155 |
| THE CITY OF PHILADELPHIA; | : | |
| JOHN GREEN, personally and in his | : | |
| official capacity as SHERIFF OF THE | : | |
| CITY OF PHILADELPHIA; and the | : | |
| OFFICE OF THE SHERIFF OF | : | |
| PHILADELPHIA COUNTY, | : | |
| | : | |
| Defendants. | : | |


**MEMORANDUM**

BUCKWALTER S.J.                                                    September 29, 2008

      Currently pending before the Court is the Motion to Dismiss of the City of

Philadelphia, John Green, personally and in his official capacity as the Sheriff of the City of

Philadelphia, and the Office of the Sheriff of Philadelphia County and the Response in

Opposition of Plaintiff Jacque Whaumbush.  For the following reasons, the Court grants the

Motion to Dismiss in Part, and denies the Motion in Part.

**I.     FACTUAL AND PROCEDURAL HISTORY**

      In 1983, Plaintiff, Jacque Whaumbush, began working as a Correctional Officer

within the Philadelphia Prison System. (Sec. Am. Compl. ¶ 19.)  In June 1995, Plaintiff began

working for the Office of the Sheriff of Philadelphia County ("Sheriff's Office").  (Id. ¶¶ 20-21.)

He was promoted to the position of Chief Deputy Sheriff in February 2002. (Id.)

On September 30, 2005, Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") his first Charge of Discrimination, docketed as 170-2005-03594, against the City of Philadelphia ("the City") based on race discrimination relating to a denied promotion. (Id. ¶¶ 12, 22.)  In October 2005, during a medical leave of absence, Plaintiff, who is African-American, claims that Defendants harassed him by ordering illness investigators to call and visit his home repeatedly during times that were not his normal working hours, instructing illness investigators to visit his home and to park their patrol-cars in his driveway, and demanding that he return his city-issued car. (Id. ¶¶ 25-31, 35.)

On or about February 1, 2006, Plaintiff filed with the EEOC a second Charge of Discrimination, docketed as 170-2006-00785, against the City alleging retaliation and harassment by the Sheriff's Office for his filing of the first Charge of Discrimination. (Id. ¶¶ 14, 25.)  Plaintiff claims that the discrimination involved:  Defendant John Green harassing him by frequently questioning his whereabouts; changing the locks to his office door; and transferring his secretary. (Id. ¶ 35.)   The EEOC issued a right to sue letter, pertaining to the second Charge of Discrimination, on July 2, 2007. (Id. ¶ 15.)

On or about February 7, 2006, Plaintiff filed with the EEOC a third Charge of Discrimination, docketed as 170-2006-00398, against The City and the Sheriff's Office**[,]** alleging that he was demoted on or about April 4, 2005. (Id. ¶¶ 16, 33.)  Thereafter, he claims he was treated less favorably than his colleagues, and that he was harassed and demeaned as a result of his participation as a witness in a sexual harassment suit filed by his co-worker Yolanda Clark against the City,  John Green, and Vincent Green. (Id.)

In February 2007, as stated in his third Charge of Discrimination, Plaintiff resigned from his employment with the City.  He claims he was constructively discharged from his employment as a result of repeated instances of race-based retaliation, discrimination, and harassment. (Id. ¶ 36.)

On October 2, 2007, Plaintiff filed a complaint in the United States District Court for the Eastern District of Pennsylvania against the City; John Green, personally and in his official capacity as Sheriff of the City of Philadelphia; and the Sheriff's Office (collectively "Defendants") for Defendants' continued harassment and retaliation towards Plaintiff in violation of his rights under: 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964 ("Title VII"); the Pennsylvania Human Relations Act ("PHRA"); and the First, Fifth, and Fourteenth Amendments ("Direct Constitutional Claims").

Defendants filed a Motion to Dismiss Part of Plaintiff's Complaint on November 15, 2007.  In response, Plaintiff filed a First Amended Complaint making the same allegations as the initial complaint with an additional claim for race-based retaliatory discrimination under 42 U.S.C. § 1981.  On January 9, 2008, Defendants filed a Motion to Dismiss Part of Plaintiff's Amended Complaint.  In response to this motion, Plaintiff filed a Second Amended Complaint on February 4, 2008, with the consent of Defendants. On February 22, 2008, Defendants filed a Motion to Dismiss Part of Plaintiff's Second Amended Complaint.

In his March 10, 2008 Response, Plaintiff makes numerous statements of non-opposition to Defendants' Motion to Dismiss.  First, Plaintiff consents to the dismissal of the Direct Constitutional Claims. (Pl.'s Resp. 8-9.)  Second, Plaintiff consents to the dismissal of the Sheriff's Office on the basis that it is not a separate entity from the City of Philadelphia. (Id.)

3

Third, Plaintiff consents to the dismissal of John Green, individually, as to the Title VII claims only. (Id. 9.)  Finally, Plaintiff consents to the striking of his punitive damage claims under Title VII and the PHRA only. (Id.)  However, Plaintiff contends that Defendants' request to strike references to punitive damages under Sections 1981 and 1983 is flawed. (Id.)  For this reason, Plaintiff asks the Court to deny, in part, Defendants' Motion to Dismiss of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II.    STANDARD OF REVIEW FOR MOTION TO DISMISS

The purpose of a Fed. R. Civ. P. 12(b)(6) motion is to test the legal sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), a defendant bears the burden of demonstrating that plaintiff has not stated a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When considering such a motion to dismiss, the court must "accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party."  Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  Notably, though, the court will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The question before the court is not whether the plaintiff will ultimately prevail.  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).  Rather, the court should only grant a 12(b)(6) motion if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (citing  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).  "The defendant bears the burden of

showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

III.    **DISCUSSION**

In this Motion to Dismiss, Defendants contend that Plaintiff is not entitled to punitive damages because they are "unavailable as a remedy under 42 U.S.C. § 1981a(b)(1) against a government, government agency, or political subdivision." (Def. Mot. to Dismiss 5.) Plaintiff acknowledges that Defendants' Motion to Strike Punitive Damages should be granted as to the Defendants in their official capacity. (Pl.'s Resp. 10.)  In addition, Plaintiff agrees to strike references in the complaint to John Green in his official capacity as Sheriff of the City of Philadelphia that correspond with the request for punitive damages under Sections 1981 and 1983. (Pl.'s Resp. 9.)  However, Plaintiff contends that punitive damages against John Green in his individual capacity are permitted under Sections 1981 and 1983. (Id. 10-12).

In Johnson v. City of Erie, 834 F. Supp. 873 (W.D. Pa. 1993), the plaintiff named as defendants: a mayor, individually and in her capacity as mayor; the chief of police, individually and in his capacity as police chief; and various police officers. The court dismissed the claims for punitive damages against defendants in their official capacity.  Id. at 878.  The court held that "punitive damages claims [under § 1983] may, however, be brought against individual defendants and therefore the claims against the officers, the mayor, and the police chief may proceed."  Johnson, 834 F. Supp at 878 (citing City of Newport v. Fact Concerts Inc., 453 U.S. 247, 266-67, 101 S. Ct. 2748, 2759-60 (1981)); see also Carroll v. Bristol Twp., 827 F. Supp. 332, 335 (E.D. Pa. 1993)

Likewise, in <u>Udujih v. City of Philadelphia</u>, 513 F. Supp. 2d. 350 (E.D. Pa. 2007), the plaintiff, a municipal employee, brought a federal civil rights and state tort suit against a municipality and individual municipal employees over a failure to promote her. <u>Id.</u> at 352-53. Defendants requested that plaintiff's demand for punitive damages be stricken from the complaint. <u>Id.</u> at 358.  The court held that "punitive damages claims against the individual defendants acting in their individual capacities remain viable under Sections 1981 and 1983." <u>Id.</u> (holding that punitive damage claims under section 1983 may be brought against police officers in their individual capacities).

Like the plaintiffs in <u>Johnson</u> and <u>Udujih</u>, the Court agrees that Plaintiff has the right to bring a claim for punitive damages against a city official as an individual. Therefore, we deny Defendants' request to strike references to punitive damages in relation to Plaintiff's Section 1981 and 1983 claim.

## V.    <u>CONCLUSION</u>

For the reasons set forth above, the Court finds that the Complaint in the case at bar adequately states a claim upon which relief can be granted.  Accordingly, we Grant the Motion to Dismiss in part and Deny in Part.  An order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUE WHAUMBUSH, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 07-4155 |
| | : | |
| THE CITY OF PHILADELPHIA; | : | |
| JOHN GREEN, personally and in his | : | |
| official capacity as SHERIFF OF THE | : | |
| CITY OF PHILADELPHIA; and the | : | |
| OFFICE OF THE SHERIFF OF | : | |
| PHILADELPHIA COUNTY, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this *29th* day of *September*, 2008, upon consideration of Defendants' Motion

to Dismiss Plaintiff's Second Amended Complaint in Part (Docket No. 18), together with

Defendants' Memorandum of Law in support thereof, and Plaintiff's Response and

Memorandum of Law (Docket No. 19) in opposition to the Motion, it is hereby **ORDERED**  that

Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

     a.    With respect to Plaintiff's Direct Constitutional Claims under the First, Fifth, and Fourteenth Amendments (Count IV), Defendants' Motion to Dismiss is **GRANTED.**

     b.    With respect to Plaintiff's inclusion of the Office of the Sheriff of Philadelphia County as a named party to this action, Defendants' Motion to Dismiss is **GRANTED.**

7

c.   With respect to Plaintiff's claim under Title VII of the Civil Rights Act of 1964 Defendants' Motion to Dismiss is **GRANTED**.

d.   With respect to Plaintiff's request for punitive damages under the Pennsylvania Human Relations Act (Count III) and Title VII (Count I), Defendants' Motion to Dismiss is **GRANTED**.

e.   With respect to Plaintiff's request for punitive damages under 42 U.S.C. § § 1981 and 1983 (Count II and V), Defendants' Motion to Dismiss is **GRANTED, EXCEPT** as to John Green in his individual capacity.

BY THE COURT:

*s/ Ronald L. Buckwalter*

RONALD L. BUCKWALTER, S.J.